## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| LENNIE P. EARBIN, | ) | |
| ID # 01960332, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 3:20-CV-2505-K-BH |
| | ) | |
| SHANNON MICHELLE BAKER | ) | |
| MILLER, et al., | ) | |
| Defendants. | ) | Referred to U.S. Magistrate Judge[1] |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Based on the relevant filings and applicable law, the *pro se* prisoner plaintiff's complaint, received on August 25, 2020 (doc. 3), should be **DISMISSED** with prejudice.

### I.        BACKGROUND

On August 25, 2020, Lennie P. Earbin (Plaintiff), a prisoner currently incarcerated in the Texas Department of Criminal Justice George Beto Unit, brought suit under 42 U.S.C. § 1983 against a Collin County Assistant District Attorney (ADA), the Collin County Criminal District Attorney's Office (DA's Office), a detective for the Dallas Police Department (Detective), and his former criminal defense attorney (Attorney), based on their roles in his April 11, 2014 conviction and sentence for continuous sexual abuse of a child in Cause No. 219-804728-2012 in Collin County, Texas.  (*See* doc. 3 at 3-5.)

Plaintiff alleges that after reviewing a report by Detective in connection with a related March 2011 criminal case filed against him in Dallas County, the ADA violated his Eighth and Fourteenth Amendment rights by "beg[inning] to formulate a evil racial diabolic plan to harm three Blacks in one action," including Plaintiff, Detective, and the victim in the underlying sexual abuse

---

[1] By *Special Order No. 3-251*, this *pro se* case has been automatically referred for full case management.

case. (*Id.* at 4, 12, 16-17.) On February 21, 2012, the ADA allegedly exploited the victim into giving false testimony and improperly influenced Detective to forge, alter, and remove a number from the indictment in Plaintiff's 2011 Dallas County case, and Detective allegedly allowed himself to be influenced and committed a crime by forging, altering, and removing a number from the indictment. (*See id.* at 3, 4, 13.) Plaintiff claims the defect in the indictment enabled the ADA to indict Plaintiff in Collin County and "avoid proceedings in a tribunal, substantially prejudicing Plaintiff with enhancements." (*Id.* at 3.) According to him, the DA's Office violated his Fifth, Sixth, Eighth, and Fourteenth Amendment rights because it allowed the ADA to prosecute him, assisted the ADA in prosecuting and convicting him, retaliated when Plaintiff's wife submitted affidavits in September and November 2016 alleging misconduct by the ADA and other officials, and failed to investigate the allegations in his wife's affidavits. (*See id.* at 3, 5, 17.) He also claims Attorney was ineffective and violated his Fifth, Sixth, and Fourteenth Amendment rights because he allowed the ADA "to seduce him, by way of an intimate relationship, to prejudice/harm" Plaintiff by abandoning him during his pre-trial proceedings and never returning. (*Id.* at 3; *see also id.* at 5, 17.) He sues the individual defendants in both their individual and official capacities, and he seeks declaratory and injunctive relief, as well as monetary damages. (*See id.* at 4, 11, 17-18.) No process has been issued.

## II.    PRELIMINARY SCREENING

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening under 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte*

dismissal of the complaint, or any part of it, if the Court finds it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim that falls under the rule announced in *Heck v. Humphrey*, 512 U.S. 477 (1994), "is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question." *Hamilton v. Lyons,* 74 F.3d 99, 102 (5th Cir.1996). A claim fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### III.    SECTION 1983

Plaintiff sues under 42 U.S.C. § 1983 for alleged violation of his rights in connection with his criminal proceedings, prosecution, and conviction. That statute "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). It "afford[s] redress for violations of federal statutes, as well as of constitutional norms." *Id.* To state a claim under § 1983, a plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States; and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).

A.    **_Heck_ Bar**

Plaintiff's claims appear to be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). It provides that a plaintiff who seeks to recover damages for an allegedly unconstitutional conviction, imprisonment or other unlawful action that renders a conviction or sentence invalid must first prove that the conviction or sentence has been reversed, expunged, invalidated, or otherwise called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. *Id.* at 486-87. *Heck* applies to claims seeking declaratory and injunctive relief as well as those seeking damages. *Shabazz v. Franklin*, 380 F. Supp. 2d 793, 805 (N.D. Tex. 2005) (accepting recommendation of Mag. J.) (citing *Edwards v. Balisok*, 520 U.S. 641, 648 (1997) and *Clarke v. Stalder*, 154 F.3d 186, 190-91 (5th Cir. 1998)). Because the issues in this case are appropriate for early and final determination, however, consideration of whether *Heck* bars Plaintiff's claims is not required. *See Patton v. Jefferson Correctional Ctr.*, 136 F.3d 458, 462 n.6 (5th Cir. 1998) (when an action raises an issue of immunity, the court to the extent it is feasible to do so should determine that issue as early in the proceedings as possible); *Smithback v. Cockrell*, No. 3:01-CV-1658-M, 2002 WL 1268031, at *2 (N.D. Tex. June 3, 2002) (accepting recommendation that "[w]hen a plaintiff seeks relief unavailable under 42 U.S.C. § 1983 or sues individuals or entities who are not proper parties under § 1983, it also seems appropriate to have an early determination of those issues").

B.    **Statute of Limitations**

Courts "may raise the defense of limitations sua sponte." *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999). "[W]here it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations, those claims are properly

dismissed" under 28 U.S.C. § 1915(e)(2)(B). *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993); *accord*, *Stanley v. Foster*, 464 F.3d 565, 568 (5th Cir. 2006).

Federal courts look to the law of the forum state to determine the length of the statute of limitations applicable in § 1983 cases. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). The general statute of limitations governing personal injuries in the forum state provides the applicable limitations period. *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001). Texas has a two-year statute of limitations for personal injury claims, so Plaintiff had two years from the date his claims accrued to file suit. *Id.; accord Hatchet v. Nettles*, 201 F.3d 651, 653 (5th Cir. 2000).

While state law determines the length of the limitations period, federal law determines the accrual date. *Wallace*, 549 U.S. at 388; *Walker v. Epps*, 550 F.3d 407, 414 (5th Cir. 2008). Generally, a claim accrues when the plaintiff has "a complete and present cause of action," or "when the plaintiff can file suit and obtain relief." *Wallace*, 549 U.S. at 388 (citation and internal quotation marks omitted).

> "Under federal law, the [limitations] period begins to run 'the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured.'" A plaintiff's awareness encompasses two elements: "(1) The existence of the injury; and (2) causation, that is, the connection between the injury and the defendant's actions." A plaintiff need not know that she has a legal cause of action; she need know only the facts that would ultimately support a claim. Actual knowledge is not required "if the circumstances would lead a reasonable person to investigate further."

*Piotrowski*, 237 F.3d at 576 (citations omitted); *Walker*, 550 F.3d at 414. Plaintiff's causes of action accrued, and the limitations period began to run, when he knew or had reason to know of the injury that is the basis of his action. *Gonzales v. Wyatt*, 157 F.3d 1016, 1020 (5th Cir. 1998). "It is necessary, then, to first determine the common law 'tort [that] provides the proper analogy to the cause of action asserted.'" *Aly v. City of Lake Jackson*, 453 F. App'x 538, 539 (5th Cir. 2011) (quoting *Wallace*, 549 U.S. at 388).

Here, Plaintiff's claims regarding the role of the ADA, Detective, and the DA's Office in his prosecution and conviction accrued when he was arrested and charged in the underlying criminal case in February 2012.[2] *See id.* (finding that the plaintiff's claim that he was targeted and prosecuted for an improper purpose, his ethnicity, accrued when he was arrested and charged). Plaintiff's claims against his former defense counsel accrued no later than April 2014, when Plaintiff knew or had reason to know of the facts underlying his claim against his former counsel. *See Piotrowski*, 237 F.3d at 576. His claims regarding the DA's Office's failure to investigate the allegations of misconduct against the ADA and other officials contained in his wife's two affidavits and alleged retaliation appear to have accrued in 2016, when she filed her affidavits. He alleges no facts to show that they accrued later.[3] Because Plaintiff filed his complaint on August 25, 2020, more than two years after each of his claims accrued, they are barred by the statute of limitations absent equitable tolling.

The applicable limitations period may be equitably tolled in appropriate circumstances. *See Rotella v. Pederson*, 144 F.3d 892, 897 (5th Cir. 1998). "Because the Texas statute of limitations is borrowed in § 1983 cases, Texas' equitable tolling principles also control." *Id*. "[W]hen state statutes of limitation are borrowed, state tolling principles are to be the 'primary guide' of the federal court. The federal court may disregard the state tolling rule only if it is inconsistent with

---

[2] Plaintiff claims that he "noticed" alleged illegal alterations and enhancements to his indictment on April 19, 2019, when he "was re-exaiming [sic] his indictment." (doc. 3 at 13.) He had reason to know of his indictment, which he admits was entered into the record on February 21, 2012, as well as the facts relating to the charges in the underlying criminal case and in his 2011 Dallas County case, when he was arrested and charged in Collin County in February 2012, however. (*See id.* at 12-14.) His claims therefore accrued in 2012, when he had reason to know of the underlying facts to support his claims, and not in 2019.

[3] Plaintiff claims he exhausted administrative remedies by pursuing a grievance against the ADA with the State Bar of Texas on October 28, 2019, the dismissal of which was affirmed on March 19, 2020. (*See id.* at 16.) Even if filing a complaint with the State Bar constituted exhaustion, which it does not, Plaintiff's claims accrued in 2012 and 2014, when he had reason to know of his claims. He did not "exhaust" his administrative remedies until after the two-year limitations period on these claims expired in 2014 and 2016, respectively, so his claims are still untimely.

federal policy." *FDIC v. Dawson*, 4 F.3d 1303, 1309 (5th Cir. 1993) (citations omitted). Equitable tolling preserves a plaintiff's claims where strict application of the statute of limitations would be inequitable. *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995). However, federal law requires that litigants diligently pursue their actions before equitable tolling becomes available. *See Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999); *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989) ("equity is not intended for those who sleep on their rights"). Equitable tolling is appropriate in cases where a plaintiff is actively misled by the defendant or is prevented in some extraordinary way from asserting his rights. *See Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996).

Plaintiff does not allege any basis for equitable tolling. He has not shown that he has diligently pursued his claims, and he has not shown extraordinary circumstances that warrant equitable tolling. A complaint that is barred by the statute of limitations is frivolous and fails to state a claim. *See Pantoja v. Fort Worth Texas Police Dep't*, 543 F. App'x 379, 379-80 (5th Cir. 2013) (affirming district court's dismissal of time-barred complaint as frivolous and for failure to state a claim).

## C.    **Prosecutorial Immunity**

Prosecutors enjoy absolute immunity to initiate and pursue criminal prosecutions. *See Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976).  Prosecutors are entitled to absolute immunity for acts taken in prosecuting cases, even against allegations that they acted "maliciously, wantonly, or negligently." *Rykers v. Alford*, 832 F.2d 895, 897 (5th Cir. 1987) (citing *Morrison v. City of Baton Rouge*, 761 F.2d 242, 248 (5th Cir. 1985)); *Thomas v. State*, 294 F.Supp.3d 576, 605 (N.D. Tex. 2018). The Supreme Court has recognized that a prosecutor has only qualified immunity with respect to his or her administrative and investigative duties. *Buckley v. Fitzsimmons*, 509 U.S. 259,

269 (1993).

Here, Plaintiff has not alleged that the ADA acted other than in her adjudicative role as a prosecutor. Because all of the acts of which he complains were taken during the course and scope of her duties as a prosecutor, the ADA is also entitled to prosecutorial immunity for any individual capacity claims. *See Imbler*, 424 U.S. at 423.

D.    **Eleventh Amendment Immunity**

Plaintiff also expressly states that he is suing the ADA in her official capacity .

An official capacity claim is merely another way of pleading an action against the entity of which the individual defendant is an agent. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985). When acting in their official prosecutorial capacities, Texas assistant district attorneys are considered agents of the State, so any suit against the ADAs in their official capacities is a suit against the State of Texas. *See Neinas v. Texas*, 217 F.3d 275, 280 (5th Cir. 2000); *Esteves v. Brock*, 106 F.3d 674, 678 (5th Cir. 1997); *Quinn v. Roach*, 326 F. App'x 280, 292-293 (5th Cir. May 4, 2009).

The Eleventh Amendment states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." "This withdrawal of jurisdiction effectively confers an immunity from suit." *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993). Therefore, "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). This immunity applies to both federal and state law claims brought in federal court. *See Raj v. La. State Univ.*, 714 F.3d 322, 328-29 (5th Cir. 2013) (determining that sovereign immunity bars both federal and state law

claims brought in federal court); *Roberson v. McShan*, No. 05-20055, 2005 WL 2673516, at *1 (5th Cir. Oct. 20, 2005) (per curiam) (finding that Eleventh Amendment immunity divests federal courts of jurisdiction to hear federal and state law claims).

Although Congress has the power to abrogate that immunity through the Fourteenth Amendment, *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 72–76 (2000), and the State may waive its immunity by consenting to suit, *AT&T Commc'ns v. BellSouth Telecomms. Inc.*, 238 F.3d 636, 643 (5th Cir. 2001), the State has not waived its immunity by consenting to suit, nor has Congress abrogated the Eleventh Amendment immunity by enacting 42 U.S.C. § 1983 or 42 U.S.C. § 1985. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Hines v. Miss. Dep't of Corr.*, No. 00-60143, 2000 WL 1741624, at *3 (5th Cir. Nov. 14, 2000) (per curiam). Additionally, "Congress did not abrogate Eleventh Amendment immunity by granting federal courts supplemental jurisdiction over state law claims in 28 U.S.C. § 1367(a). *Roberson*, 2005 WL 2673516, at *1 (citing *Raygor v. Regents of Univ. of Minn.*, 534 U.S. 533, 541–42 (2002)).

Eleventh Amendment immunity bars any federal and state law claims against the ADA in her official capacity, and those claims are also subject to dismissal on this basis.

**E.    State Action**

It is well-established that an appointed attorney does not act under color of state law in representing a defendant at trial or on direct appeal. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (holding that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding); *Mills v. Crim. Dist. Ct. No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) (holding that "private attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under section 1983").

A private party may be acting "under color of state law" and be held liable under § 1983 in certain circumstances, however. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970); *Wong v. Stripling*, 881 F.2d 200, 202 (5th Cir.1989). For example, a defense attorney may be held liable under § 1983 if the attorney conspired with state officials in the criminal case. *Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 679 (5th Cir.1988); *see also Hamil v. Nader*, 589 F. App'x 271, 272 (5th Cir.2015) (ineffective assistance of counsel is not enough for conspiracy). To state a conspiracy claim under § 1983, a plaintiff must allege facts to support "(1) the existence of a conspiracy involving state action and (2) a deprivation of civil rights in furtherance of the conspiracy by a party to the conspiracy." *Pfannstiel v. City of Marion*, 918 F.2d 1178, 1187 (5th Cir. 1990), *abrogated on other grounds as recognized by Martin v. Thomas*, 973 F.2d 449, 455 (5th Cir. 1992).

Here, Plaintiff generally alleges that Attorney allowed the ADA "to seduce him, by way of an intimate relationship, to prejudice/harm" Plaintiff. To the extent that this statement may be liberally construed as alleging that Attorney conspired with the ADA, he fails to allege facts to support his claim, and his conclusory allegation is insufficient to state a § 1983 claim against Attorney.

## F.  **Non-Jural Entity**

Plaintiff also claims that the DA's Office retaliated and failed to investigate the allegations of misconduct against the ADA and other officials contained in two affidavits filed by his wife in 2016. (*See* doc. 3 at 3, 5.)

A plaintiff may not bring a civil rights action against a servient political agency or department unless that agency or department enjoys a separate and distinct legal existence. *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991). In *Darby*, the Fifth Circuit held

that "unless the true political entity has taken explicit steps to grant the servient agency with jural authority, the agency cannot engage in any litigation except in concert with the government itself." *Id.* at 313. The DA's Office is not a jural entity that may be sued. *See, e.g., Delta Fuel Co., Inc. v. Maxwell*, 485 F. App'x 685, 686–87 (5th Cir. Aug.10, 2012) (affirming the dismissal of § 1983 claim against a district attorney's office as a non-jural entity). Plaintiff's claims against the DA's Office are also subject to dismissal on this basis.

**G.    Failure to State a Claim**

A plaintiff has no constitutional right to have someone criminally prosecuted or investigated for alleged misconduct. *See Autrey v. Mississippi*, 66 F. App'x 523, 523 (5th Cir. 2003) (per curiam); *Bogus v. Harris Cnty. District Attorney*, No. H-19-3264, 2019 WL 5294320, at *3 (S.D. Tex. Oct. 17, 2019) ("Plaintiff enjoys no constitutional right to have [the county District Attorney] undertake such an investigation [into the plaintiff's claims of impropriety], and her failure to do so raises no constitutional issues."); *Smith v. Shreveport Police Dep't*, No. 11-2217-P, 2015 WL 711118, at *3 (W.D. La. Feb. 18, 2015) ("As previously stated, 'failure to investigate' is not a violation of a federal statutory or constitutional right.").

Nor has Plaintiff made a valid claim for retaliation under § 1983, which requires allegations of: "(1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." *Hart v. Hairston*, 343 F.3d 762, 764 (5th Cir. 2003) (quoting *Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir. 1999)). Aside from making a conclusory statement that the DA's Office retaliated after his wife filed affidavits in 2016, Plaintiff does not allege any facts to support the elements of a claim of retaliation under § 1983. He also alleges no facts to support his claims that Detective allowed himself to be influenced and committed a crime by forging, altering, and removing a number from

the indictment.  Plaintiff therefore also fails to state a cognizable claim for retaliation and failure to investigate under § 1983 against the DA's Office, or any claim against Detective.

## IV.    RECOMMENDATION

The plaintiff's complaint should be **DISMISSED** with prejudice under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) as frivolous and for failure to state a claim.  This dismissal will count as a "strike" or "prior occasion" within the meaning of 28 U.S.C. § 1915(g).[4]

**SIGNED this 5th day of October, 2020.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[4] Section1915(g), which is commonly known as the "three-strikes" provision, provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

12

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).


IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

13