IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LENNIE P. EARBIN, ID # 01960332,     )<br>    Plaintiff,                                              )<br>                                                            )<br>vs.                                                      )<br>                                                            )<br>SHANNON MICHELLE BAKER   )<br>MILLER, et al.,                                 )<br>    Defendants.                                    ) | <br><br><br>No. 3:20-CV-2505-K-BH<br><br><br><br>Referred to U.S. Magistrate Judge[1] |

**SUPPLEMENTAL FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court are additional attachments to the complaint (doc. 8), and a *Memorandum of Law Supporting an Order to Show Cause: A Preliminary Injunction & Temporary Restraining Order* (doc. 10), both received on October 6, 2020. Based on the relevant filings and applicable law, the additional attachments are liberally construed as an amendment to the complaint. The complaint, as amended, should be **DISMISSED** with prejudice, and the request for a temporary restraining order and injunctive relief should be **DENIED**.

**I. BACKGROUND**

On August 25, 2020, Lennie P. Earbin (Plaintiff), a prisoner currently incarcerated in the Texas Department of Criminal Justice George Beto Unit, brought suit under 42 U.S.C. § 1983 against a Collin County Assistant District Attorney (ADA), the Collin County Criminal District Attorney's Office (DA's Office), a detective for the Dallas Police Department (Detective), and his former criminal defense attorney (Attorney), based on their roles in his April 11, 2014 conviction and sentence for continuous sexual abuse of a child in Cause No. 219-804728-2012 in Collin County, Texas. (*See* doc. 3 at 3-5.)

---

[1] By *Special Order No. 3-251*, this *pro se* case has been automatically referred for full case management.

Plaintiff alleges that after reviewing a report by Detective in connection with a related March 2011 criminal case filed against him in Dallas County, the ADA violated his Eighth and Fourteenth Amendment rights by "beg[inning] to formulate a evil racial diabolic plan to harm three Blacks in one action," including Plaintiff, Detective, and the victim in the underlying sexual abuse case. (*Id.* at 4, 12, 16-17.) On February 21, 2012, the ADA allegedly exploited the victim into giving false testimony and improperly influenced Detective to forge, alter, and remove a number from the indictment in Plaintiff's 2011 Dallas County case, and Detective allegedly allowed himself to be influenced and committed a crime by forging, altering, and removing a number from the indictment. (*See id.* at 3, 4, 13.) Plaintiff claims the defect in the indictment enabled the ADA to indict Plaintiff in Collin County and "avoid proceedings in a tribunal, substantially prejudicing Plaintiff with enhancements." (*Id.* at 3.)

According to him, the DA's Office violated his Fifth, Sixth, Eighth, and Fourteenth Amendment rights because it allowed the ADA to prosecute him, assisted the ADA in prosecuting and convicting him, retaliated when Plaintiff's wife submitted affidavits in September and November 2016 alleging misconduct by the ADA and other officials, and failed to investigate the allegations in his wife's affidavits. (*See id.* at 3, 5, 17.) He also claims Attorney was ineffective and violated his Fifth, Sixth, and Fourteenth Amendment rights because he allowed the ADA "to seduce him, by way of an intimate relationship, to prejudice/harm" Plaintiff by abandoning him during his pre-trial proceedings and never returning. (*Id.* at 3; *see also id.* at 5, 17.) He sues the individual defendants in both their individual and official capacities, and he seeks declaratory and injunctive relief, as well as monetary damages. (*See id.* at 4, 11, 17-18.)

On October 5, 2020, it was recommended that Plaintiff's complaint be dismissed as frivolous because his claims were time-barred; he sought relief against defendants who were immune, not a state actor, or a non-jural entity; and he failed to state a claim. (*See* doc. 7.) The next day, additional attachments to his complaint were received. (*See* doc. 8.) The attachments consist of affidavits from his stepdaughter and an attorney who was present in the courtroom, both of which aver that Attorney left the courtroom during a pretrial hearing in Plaintiff's criminal proceedings. The affidavits aver that as a result, Attorney did not hear the judge's instructions and therefore did not communicate a plea offer to Plaintiff. The stepdaughter's affidavit also alleges that ADA had a conflict of interest and had a personal relationship with Attorney. (*See id.*)

Plaintiff also seeks a temporary restraining order and injunctive relief. (*See* doc. 10.) He alleges that ADA failed to request leave to amend his indictment, failed to disclose exculpatory evidence, and failed to give notice of the offenses with which he was charged. (*See id.* at 3-6.) He also claims that the state trial court without jurisdiction, and that "he has established a prima facie claim of both Constitutional violations and Actual Innocence." (*See id.* at 7, 8.)

## II. SECTION 1983

Plaintiff sues under 42 U.S.C. § 1983 for alleged violation of his rights in connection with his criminal proceedings, prosecution, and conviction. That statute "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). It "afford[s] redress for violations of federal statutes, as well as of constitutional norms." *Id.* To state a claim under § 1983, a plaintiff must allege facts that show

(1) he has been deprived of a right secured by the Constitution and the laws of the United States; and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).

### A.   Amendment

Plaintiff's attachments consist of new evidence that Attorney did not hear the judge's instructions and therefore did not communicate a plea offer to him, and that ADA had a conflict of interest and a personal relationship with Attorney. The evidence in support of his claims does not save his complaint, however. As set out in the original recommendation for dismissal, Plaintiff's claims arising from his 2012 prosecution are still time-barred. (*See* doc. 7 at 4-7.) He still seeks relief against defendants who are immune, not a state actor, or a non-jural entity, and he failed to state a claim for retaliation or failure to investigate. (*See id.* at 7-12.) His complaint, as amended, is therefore still subject to dismissal.

### B.   Habeas Relief

Based on the reference to the unfair length of his sentence and his actual innocence, Plaintiff's attachments to his complaint may be liberally construed as seeking his release from custody. (*See* doc. 8 at 3.) Release from custody, or habeas relief, is an inappropriate remedy in a § 1983 action, however. *See Wolff v. McDonnell*, 418 U.S. 539, 554 (1974). A prisoner may only challenge the fact or duration of confinement within the exclusive scope of habeas corpus. *Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir. 1998) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973)). Plaintiff concedes that "this Court is restricted in relief challenging conviction and sentences and that these must be challenged in a habeas corpus proceeding." (doc. 10 at 8.) To the extent that his attachments and motion for a temporary restraining order and injunctive relief

4

may be liberally construed as a collateral attack on his state conviction or as seeking release, he fails to state a cause of action upon which relief may be granted.

## III.  RECOMMENDATION

The plaintiff's complaint, as amended, should still be **DISMISSED** with prejudice under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) as frivolous and for failure to state a claim, and the motion for a temporary restraining order and injunctive relief should be **DENIED**.  This dismissal will count as a "strike" or "prior occasion" within the meaning of 28 U.S.C. § 1915(g).[2]

**SIGNED this 23rd day of October, 2020.**

                                                                                    _____
                                                                                    IRMA CARRILLO RAMIREZ
                                                                                    UNITED STATES MAGISTRATE JUDGE

---

2 Section1915(g), which is commonly known as the "three-strikes" provision, provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE