# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| LENNIE P. EARBIN, ID # 01960332,<br>    Plaintiff, | )<br>)<br>) | |
| vs. | ) | No. 3:20-CV-2505-K-BH |
| | ) | |
| SHANNON MICHELLE BAKER<br>MILLER, et al.,<br>    Defendants. | )<br>)<br>) | Referred to U.S. Magistrate Judge[1] |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Before the Court is the *Memorandum of Law In Support of Plaintiff's Motion to Alter or Amend a Judgment & Complaint*, received on January 4, 2021 (doc. 28). Based on the relevant filings and applicable law, the motion should be **DENIED**.

## I. BACKGROUND

On August 25, 2020, Lennie P. Earbin (Plaintiff), a prisoner currently incarcerated in the Texas Department of Criminal Justice George Beto Unit, brought suit under 42 U.S.C. § 1983 against a Collin County Assistant District Attorney (ADA), the Collin County Criminal District Attorney's Office (DA's Office), a detective for the Dallas Police Department (Detective), and his former criminal defense attorney (Attorney), based on their roles in his April 11, 2014 conviction and sentence for continuous sexual abuse of a child in Cause No. 219-804728-2012 in Collin County, Texas. (*See* doc. 3 at 3-5.)

Plaintiff alleged that after reviewing a report by Detective in connection with a related March 2011 criminal case filed against him in Dallas County, the ADA violated his Eighth and Fourteenth Amendment rights by "beg[inning] to formulate a evil racial diabolic plan to harm three Blacks in one action," including Plaintiff, Detective, and the victim in the underlying

---

[1] By *Special Order No. 3-251*, this *pro se* case has been automatically referred for full case management.

sexual abuse case. (*Id.* at 4, 12, 16-17.) On February 21, 2012, the ADA allegedly exploited the victim into giving false testimony and improperly influenced Detective to forge, alter, and remove a number from the indictment in Plaintiff's 2011 Dallas County case, and Detective allegedly allowed himself to be influenced and committed a crime by forging, altering, and removing a number from the indictment. (*See id.* at 3, 4, 13.) Plaintiff claimed the defect in the indictment enabled the ADA to indict Plaintiff in Collin County and "avoid proceedings in a tribunal, substantially prejudicing Plaintiff with enhancements." (*Id.* at 3.)

According to him, the DA's Office violated his Fifth, Sixth, Eighth, and Fourteenth Amendment rights because it allowed the ADA to prosecute him, assisted the ADA in prosecuting and convicting him, retaliated when Plaintiff's wife submitted affidavits in September and November 2016 alleging misconduct by the ADA and other officials, and failed to investigate the allegations in his wife's affidavits. (*See id.* at 3, 5, 17.) He also claimed Attorney was ineffective and violated his Fifth, Sixth, and Fourteenth Amendment rights because he allowed the ADA "to seduce him, by way of an intimate relationship, to prejudice/harm" Plaintiff by abandoning him during his pre-trial proceedings and never returning. (*Id.* at 3; *see also id.* at 5, 17.) He sued the individual defendants in both their individual and official capacities, and he sought declaratory and injunctive relief, as well as monetary damages. (*See id.* at 4, 11, 17-18.)

On October 5, 2020, it was recommended that Plaintiff's complaint be dismissed as frivolous because his claims were time-barred; he sought relief against defendants who were immune, not a state actor, or a non-jural entity; and he failed to state a claim. (*See* doc. 7.) The next day, additional attachments to his complaint were received. (*See* doc. 8.) The attachments

2

consisted of affidavits from his stepdaughter and an attorney who was present in the courtroom, both of which averred that Attorney left the courtroom during a pretrial hearing in Plaintiff's criminal proceedings, and that as a result, Attorney did not hear the judge's instructions and therefore did not communicate a plea offer to Plaintiff. The stepdaughter's affidavit also alleged that ADA had a conflict of interest and had a personal relationship with Attorney. (*See id.*) Plaintiff also sought a temporary restraining order and injunctive relief. (*See* doc. 10.) He alleged that ADA failed to request leave to amend his indictment, failed to disclose exculpatory evidence, and failed to give notice of the offenses with which he was charged. (*See id.* at 3-6.) He also claimed that the state trial court without jurisdiction, and that "he has established a prima facie claim of both Constitutional violations and Actual Innocence." (*See id.* at 7, 8.) On October 23, 2020, it was recommended that the attachments be liberally construed as an amendment to the complaint, and that the amended complaint be dismissed for the same reasons as his initial complaint, i.e., his claims were time-barred; he sought relief against defendants who were immune, not a state actor, or a non-jural entity; and he failed to state a claim. (*See* doc. 15.) It was also recommended that the motion for injunctive relief be denied. (*See id.*)

On November 25, 2020, Plaintiff's motion for leave to amend his complaint was received. (*See* doc. 21.) On December 11, 2020, the recommendations for dismissal were accepted, the motion for leave to amend was denied as futile for the same reasons that his prior complaints were subject to dismissal, and a judgment of dismissal was entered. (*See* docs. 26, 27.) In a two-page motion, Plaintiff now seeks to alter the judgment and amend his complaint on grounds that he has stated an Eighth Amendment violation and should be afforded an opportunity to amend his complaint for the sake of justice. (*See* doc. 28.)

3

## II.  RULE 59(e)

The plaintiff's motion to alter the judgment was filed less than 28 days after its entry. "When a litigant files a motion seeking a change in judgment, courts typically determine the appropriate motion based on whether the litigant filed the motion within Rule 59(e)'s time limit." *Williams v. Thaler*, 602 F.3d 291, 303 & n. 10 (5th Cir. 2010).  Rule 59(e) of the Federal Rules of Civil Procedure provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).  Because it was filed within 28 days, the plaintiff's motion is properly considered under Rule 59(e). *See McGrew v. McQueen*, 415 F. App'x 592, 594-95 (5th Cir. 2011) (liberally construing pro se motion to reopen case that had been filed within twenty-eight days of dismissal as arising under Rule 59(e)).

To prevail on a motion to alter or amend judgment under Rule 59(e), the moving party must show (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) a manifest error of law or fact. *See Schiller v. Physicians Resource Group, Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).  A Rule 59(e) motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).  Although courts have "considerable discretion" to grant or to deny a Rule 59(e) motion, they use the "extraordinary remedy" under Rule 59(e) "sparingly." *Id.* at 479, 483.  When considering a motion to alter or amend judgment, "[t]he court must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993).

Plaintiff's two-page motion states in conclusory fashion that he has stated a claim and should be afforded another opportunity to amend his complaint. He has amended his complaint once, and his proposed second amended complaint has also been considered, but it failed to overcome the deficiencies in his first two complaints. He has been given a fair opportunity to present all of his claims, and he has not explained how he will now amend his complaint to overcome the deficiencies in his three prior complaints. He appears to essentially re-urge the same claims he has previously asserted. *See Barela v. Underwood*, No. 3:18-CV-2353-G-BH, 2020 WL 4550417, at *7 (N.D. Tex. July 9, 2020) (citing *N. Cypress Med. Ctr. Operating Co. v. Blue Cross Blue Shield of Texas*, No. H-08-2379, 2010 WL 2245075, at *1 (S.D. Tex. Jun. 2, 2010) ("It is not proper to use Rule 59(e) to re-litigate or get 'a second bite of the apple' on previously addressed issues by the parties or the Court.")). Plaintiff has not identified an intervening change in controlling law, the availability of new evidence not previously available, a manifest error of law or fact in relation to the dismissal of this case, or any other extraordinary circumstances justifying alteration or amendment of the judgment of dismissal. He has not shown that the extraordinary relief provided by Rule 59(e) is justified in this case.

### III. RECOMMENDATION

The plaintiff's motion to alter or amend the judgment should be **DENIED**.

**SIGNED this 6th day of January, 2021.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*/s/ Irma Carrillo Ramirez*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE